■ GRENADIER CORPORATION, Appellant, v. F. H. SPARKS CO., INC., Respondent.— Order, Supreme Court, New York County, entered on January 12, 1972, and judgment of said court entered on January 20, 1972, unanimously affirmed on the opinion of Justice Silverman at Special Term. Respondent shall recover of appellant $50 costs and disbursements of this appeal. No opinion. Concur — McGivern, J. P., Markewich, Kupferman, McNally and Eager, JJ.

■ CARMEN G. ALBINO, Respondent-Appellant, v. CITY OF NEW YORK, Respondent, and STATE OF NEW YORK, Appellant-Respondent.— Judgment, Supreme Court, New York County, entered on January 4, 1972, unanimously affirmed, without costs and without disbursements. Concur — McNally and Eager, JJ.; Kupferman, J. P., and Murphy, J., concur in the following memorandum by Murphy, J.: We concur in the affirmance of the order appealed from only because the question raised hereon has become moot, since personal service of process has been effected upon defendant. However, if the issue was still viable, we would vote to remand the proceeding to Special Term to fashion an alternate method of service under CPLR 308 (subd. 5). Since the due process clause of the Fourteenth Amendment bars a State from limiting access to its divorce courts by requiring payment by an indigent plaintiff of the expenses of publication (*Boddie* v. *Connecticut*, 401 U. S. 371), the primary question presented hereon is, absent appropriate legislative enactment, who is to bear such costs and expenses, New York City or New York State? We have previously held that the responsibility was not that of the city (*Jackson* v. *Jackson*, 37 A D 2d 953), and now hold that the State must carry such burden. However, we do not agree that when the whereabouts of a prospective defendant is unknown, publication is the only available method of service. Indeed, Justice Harlan called it "the method of notice least calculated to bring to a potential defendant's attention the pendency of judicial proceedings" (*Boddie* v. *Connecticut, supra*, p. 382). Special Term has the freedom to fashion a remedy for the denial of a constitutional right of access to the courts on the ground of indigency (*People* v. *Pride*, 3 N Y 2d 545) and CPLR 308 (subd. 5) can serve as the vehicle for the exercise of such power. (Cf. *Dobkin* v. *Chapman*, 21 N Y 2d 490.) Based on the particular facts of each case, Special Term could decide which alternative to publication (e.g., a publicly posted notice plus service by mail addressed to defendant's last known address, or to his last known employer, or to his relatives or friends) would be best calculated to advise the defendant of the pendency of the proceeding. If, of course, it appears in any particular case that no less expensive method of service is available which would be equally effective, publication in a newspaper could be directed. In such connection, we find nothing in section 232 of the Domestic Relations Law which precludes the alternate methods of service suggested. That section merely provides for the requisite notice as to the nature of the action which must be given before a default judgment may be rendered and does not deal with the method of service, which is covered by CPLR article 3.